UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN E. LENEAR,

        Plaintiff,

v.

        Case No. 04-72357
        Hon. Gerald E. Rosen
        Magistrate Judge Virginia M. Morgan

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

**ORDER ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on    October 5, 2005   

PRESENT: Honorable Gerald E. Rosen
                 United States District Judge

On January 27, 2005, Magistrate Judge Virginia M. Morgan issued a Report and Recommendation ("R & R") recommending that the Court deny Plaintiff John E. Lenear's motion for summary judgment and grant the Defendant Commissioner of Social Security's motion for summary judgment. Plaintiff filed objections to the R & R on February 7, 2005, Defendant filed a response to these objections on February 22, 2005, and Plaintiff then responded to Defendant's submission on March 7, 2005. Having reviewed the R & R, Plaintiff's objections, the parties' other submissions, and the administrative record, the Court concurs in the Magistrate Judge's analysis, and adopts

the R & R in its entirety.

Plaintiff raises two objections to the R & R, both essentially legal in nature. As the basis for his first objection, he points to the Magistrate Judge's observation that the Administrative Law Judge ("ALJ") in this case "plainly failed to comply" with the dictates of SSR 96-7p in assessing Plaintiff's credibility. (R & R at 10.) While the Magistrate Judge concluded that this error was harmless, (see id.), Plaintiff argues that the ALJ's failure in this regard constitutes a *per se* ground for reversal, in light of the mandatory language of SSR 96-7p instructing that an ALJ "must" provide specific reasons for discounting a claimant's credibility.

Yet, as noted in Defendant's response to Plaintiff's objections, the case law indicates that a violation of the dictates of SSR 96-7p is subject to harmless error analysis. See Spicer v. Apfel, No. 00-5687, 2001 WL 845496, at *6 (6th Cir. July 16, 2001); see also Keys v. Barnhart, 347 F.3d 990, 994-95 (7th Cir. 2003) (holding in the context of a Social Security appeal that "the doctrine of harmless error . . . is fully applicable to judicial review of administrative decisions"). Plaintiff, in contrast, has not cited any authority in support of his proposed *per se* rule of reversal. Moreover, to the extent that Plaintiff challenges the R & R's harmless error analysis,[1] the Court agrees with the Magistrate Judge that the ALJ's assessment of Plaintiff's residual functional capacity was

---

[1]The Court notes that Plaintiff did not do so in his initial objections to the R & R, but only in his submission in response to Defendant's response to his objections. Arguably, then, this challenge is not properly before the Court.

"largely consistent" with Plaintiff's own testimony regarding his limitations, and that any deviations in this regard were supported by substantial evidence. (See R & R at 10-11.) Accordingly, the Court finds no merit in Plaintiff's first objection.

Next, Plaintiff challenges the Magistrate Judge's conclusion that a remand for further administrative proceedings is not warranted under sentence six of 42 U.S.C. § 405(g). As noted in the R & R, such a remand is justified only where a claimant demonstrates (i) that new, material evidence is available, and (ii) that there is good cause for the claimant's failure to introduce this evidence during the underlying administrative proceedings. The Magistrate Judge found that neither prong of this standard had been met, and Plaintiff now objects to these conclusions.

While the Court fully concurs in the R & R's treatment of the "materiality" prong of this inquiry, (see R & R at 13-14), it is equally evident that Plaintiff has failed to demonstrate "good cause" for his failure to produce his most recent evidence of his psychological limitations during the course of the administrative proceedings. In an effort to establish "good cause," Plaintiff states that he obtained the psychological evaluations at issue promptly after his present counsel began to represent him in the judicial phase of this matter. As repeatedly held in the pertinent case law, however, the retention of a new attorney does not constitute "good cause" for a prior failure to obtain evidence of a claimant's limitations, at least where, as here, the claimant was represented by counsel during the underlying administrative proceedings. See, e.g., Taylor v. Commissioner of Social Security, No. 01-1343, 2002 WL 1941015, at *3 (6th Cir. Aug.

16, 2002); Geyen v. Secretary of HHS, 850 F.2d 263, 264 (5th Cir. 1988); Cooper v. Commissioner of Social Security, 277 F. Supp.2d 748, 755 (E.D. Mich. 2003). Accordingly, the Court agrees with the Magistrate Judge that a remand is not warranted.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that the Magistrate Judge's January 27, 2005 Report and Recommendation is ADOPTED as the ruling of this Court. IT IS FURTHER ORDERED, for the reasons stated in the R & R and set forth above, that Defendant's motion for summary judgment is GRANTED, and that Plaintiff's motion for summary judgment is DENIED.

                                                                              s/Gerald E. Rosen  
                                                                              Gerald E. Rosen  
                                                                              United States District Judge

Dated: October 5, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 5, 2005, by electronic and/or ordinary mail.

                                                                              s/LaShawn R. Saulsberry  
                                                                              Case Manager